## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

United States of America,

                Plaintiff,

    vs.

Brent Lee Landwehr,

                Defendant,

Case No.: 3:24-CR-147

**BRENT LANDWEHR'S
SENTENCING MEMORANDUM**

## ATTORNEYS OF RECORD

| **Defense Counsel** | **Assistant U.S. Attorney** |
|---|---|
| Jamie L. Schaible | Matthew P. Kopp |
| Attorney at Law | Assistant United States Attorney |
| 3431 4th Avenue S., Suite 201 | District of North Dakota |
| Fargo, ND 58103 | 655 1st Ave N, Ste 250 |
| Tele: (701) 532-2498 | Fargo, ND 58102 |
| E-Service: eservice@barkuslawfirm.com | Tele: (701) 297-7437 |
| jamie@barkuslawfirm.com | matthew.kopp@usdoj.gov |

## RULE 32(F) COMPLIANCE

Pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, Attorney Schaible consulted with the Defendant, Brent Landwehr, (herein after referred to as "Brent"), regarding the Presentence Investigation Report ("PSI"), with U.S. Probation Officer, Stacey Meidinger and AUSA Matthew Kopp.

## PROCEDURAL HISTORY

Defendant, Brent Landwehr, was originally the subject of an Indictment issued on August 28, 2024, which charged him and a codefendant with Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance, in violation of Title 21 U.S.C. § 841(a)(1) and Title 18 U.S.C. § 2; and Money Laundering Conspiracy, in violation of Title 18, U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2. [Docket No. 4]. Attorney Jamie Schaible was appointed as the defendant's attorney on October 29, 2024. [Docket No. 12]. Brent was arraigned, and an Amended Order Setting Conditions of Release was issued on November 1, 2024. [Docket No. 20].

On August 22, 2025, Brent entered into a Plea Agreement with the United States. [Docket Nos. 27-28]. The Plea Agreement indicated that upon a plea to count one (1), the United States will move to dismiss count two (2). Brent is currently scheduled to appear before this Court for his Change of Plea and Sentencing Hearing on March 23, 2026, at 11:00 a.m. [Docket No. 32].

## GUIDELINE RANGE CALCULATION

Following United States v. Booker, 543, U.S. 220 (2005) the Guidelines are advisory, not mandatory. A sentence below the Guideline range does not require extraordinary circumstances or the use of rigid mathematical formulae. Id. at 47. The Court should consider all of the 18 U.S.C. Section 3553(a) factors to determine whether they support the sentence requested by a party, without presuming the guideline range is reasonable. Id. at 49-50. In considering those factors, "the Court 'shall impose a sentence sufficient, but not greater than necessary' to comply with sentencing goals, considering the

nature and seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to provide justice, deterrence, and other goals of punishment." United States v. Pappas, 452 F.3d 767, 773 (8th Cir. 2006).

According to United States v. Francis, 462 F.3d 810 (8th Cir. 2006), courts in the Eighth Circuit Court of Appeals follow a three-step process when imposing a sentence. First, the court determines a proper sentencing guidelines range. Second, the court determines whether a departure is warranted under the guidelines. Third, the court looks to 18 U.S.C. § 3553(a) to determine if a variance is warranted.

When conducting this sentencing process, the court should be guided by the Supreme Court's holding in Rita v. United States, 551 U.S. 338 (2007). In Rita, the Supreme Court held that a sentencing court is to apply a sentence that is "sufficient, but not greater than necessary" to meet the sentencing goals laid out in § 3553(a). Id. Under Rita, the sentencing court may impose a sentence lower than the guidelines contemplate because the case does not fall within the "heartland" of cases to which the guidelines intended to apply, because the recommended sentence under the guidelines does not meet the goals of § 3553(a), or because the case warrants a lower sentence regardless of the guidelines. Id. Thus, a sentencing court is free to impose a sentence lower than the guidelines recommend in order to meet the goals of sentencing contemplated by § 3553(a) (stating factors such as age, education, mental condition, drug or alcohol addiction can now be considered by the sentencing court).

"A post-Booker sentence normally should be determined in a sequential manner, with the district court first determining the applicable guideline range, then determining

whether any traditional guideline departures are warranted, and finally considering the possibility of varying from the guideline sentence based on the factors in § 3553(a). United States v. Coyle, 506 F.3d 680, 683 (8th Cir. 2007). The sequential ordering process was developed to maintain distinction between sentencing "departures" and "variances." Id. After reviewing the sentencing factors in 18 U.S.C. § 3553(a), the court may then consider a variance pursuant to 3553(a) factors.

In determining an appropriate sentence, the court in this case must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for – the applicable category of offense committed by the applicable category of defendant; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). In reviewing these factors, the court must impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing. Id.

## BUREAU OF PRISON DESIGNATION

Brent respectfully requests this Court recommend placement at the Bureau of Prisons' lowest-level security facility available. Brent would prefer a facility as close to Arizona as possible so that his family may be able to see him. Specifically, his preference would be a lower-level security facility that participates in RDAP (Residential Drug Abuse Program).

## FEDERAL BENEFITS

Brent asks this Court to use its discretion and not deny him any federal benefits that may help him transition back to society as well as provide needed mental health care.

## CREDIT FOR TIME SERVED

Pursuant to 18 U.S.C. § 3585(a), a sentence to a term of imprisonment commences the date a defendant is received into custody. Thus, pursuant to 18 U.S.C. § 3585(a), it is respectfully requested that Brent receive credit for the time he has already served.  Dated: March 18, 2026.

 Respectfully submitted,

BARKUS LAW FIRM, P.C.

Jamie L. Schaible, ND ID#09855
3431 4th Avenue South, Suite 201
Fargo, North Dakota 58103
Tele: (701) 532-2498
Fax: (701) 298-9363
E-Service: eservice@barkuslawfirm.com
ATTORNEYS FOR DEFENDANT